IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATE LINDELL,

                    Plaintiff,                                          ORDER

          v.
                                                              24-cv-287-jdp

SIERRA MARKLAND and BRANDON BORTZ,

                    Defendants.

---

Plaintiff Nate Lindell, proceeding without counsel, alleges that various administrators and current and former staff members with the Wisconsin Department of Corrections and Columbia Correctional Institution (CCI) violated his rights under the First Amendment and the Due Process Clause of the Fourteenth Amendment in conjunction with two fabricated conduct reports and his placement in segregation. Dkt. 1-1. This order concerns the scope of the case and Lindell's contention that a defendant has defaulted.

At screening I dismissed most of Lindell's claims, leaving only a First Amendment retaliation claim against defendant correctional officer Sierra Markland. Dkt. 7. Lindell moved for reconsideration of various aspects of the screening order, Dkt. 11, which I granted in part, adding to the case due process claims against Markland and Brandon Bortz for depriving him of property by falsely accusing him of disciplinary infractions, knowing that that Lindell would be placed in temporary lockup and that his left-behind property would be destroyed or lost. Dkt. 20. Lindell also seeks default judgment against Markland; I directed him to provide proof that Markland was previously served with a copy of the complaint, and to serve Markland another copy of the summons and complaint given the expansion of his claims against her. *Id.*

Lindell responds that he does not wish to proceed with the claims that I added after granting his motion for reconsideration, and he wishes to proceed only with default proceedings for his retaliation claim against Markland. So the only claim remaining is his original retaliation claim against Markland. I'll dismiss Bortz from the case.[1]

As for default against Markland, Lindell has submitted documentation from his process server confirming that he served Markland with the complaint. Dkt. 25. That is sufficient to establish default. So I will grant Lindell's motion to direct the clerk of court to enter default against Markland, Dkt. 17. *See* Federal Rule of Civil Procedure 55(a).

But default is a two-step process. "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (internal quotation omitted); *see also* Rule 55(b). Lindell's filings are mainly focused on establishing default rather than establishing entitlement to the relief he seeks—$40,000 in compensatory damages, $50,000 in punitive damages, and $1,000 in nominal damages. *See* Dkt. 18, at 2. Lindell further notes that he is not entitled to damages for emotional harm because he suffered no physical injury, *see* 42 U.S.C. § 1997e(e). But he lists certain injuries for which he contends that he is entitled to damages:

- Loss of liberty from 16 days of segregation
- Loss of privileges such as mail, phone, the dayroom, shaving, and movement
- Property loss or destruction
- "Educational/career setbacks" related to the loss of educational opportunities

---

[1] Bortz's motion for an extension of time to file an answer will be denied as moot.

- "Constitutional injury itself"

*Id.* at 2–3. Lindell contends that he is entitled to $40,000 in compensatory damages because a prisoner in a similar retaliation case settled with the state for that amount. *See Jones v. Russell*, 15-cv-56-bbc.

Lindell's submissions are sufficient for me to conclude that this case should proceed to a hearing on his damages. At that hearing, Lindell must present evidence that establishes his damages with reasonable certainty. *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). At the hearing, Lindell will not need to prove that Markland violated his rights because that has been established by her default. Lindell is entitled to reasonable compensation for the losses that he suffered as a result of Markland's conduct, but he will have to provide evidentiary support for the compensation that he requests. If Lindell cannot prove any compensable harm, he will receive nominal damages of $1 (not $1,000 as he requests). To recover punitive damages against Markland, Lindell will have to show that she acted with "ill will or spite" or in "reckless disregard" of his rights. Fed. Civ. Jury Instr. of the Seventh Circuit 7.28.

Lindell may present his own testimony about the harm he suffered in a narrative form (that is, without asking himself questions). His testimony should be based on his own observations and experience. If Lindell wants compensation for any expenses related to his claims, he should bring documentation to the hearing, such as financial or property records, to prove those expenses. Lindell should submit copies of any proposed exhibits to the court at least two weeks before the hearing.

To help Lindell prepare for the hearing I note the following. He hasn't thus far provided evidence sufficient to meet the above standards; for instance, he hasn't provided an accounting

3

of the property that was lost or destroyed, and he will need to show why Markland is responsible for that loss. He doesn't explain anything about the educational opportunities that he missed out on during this time that would justify an award of damages. And he hasn't explained why he thinks that a settlement reached another Wisconsin prison-retaliation case should drive the calculation of damages in this case.

I also note that Lindell cites no authority allowing for compensatory damages for a prisoner's loss of liberty by being placed in segregation or for losing various privileges like shaving or using the phone, aside from the emotional harm that he cannot recover damages for under § 1997e(e). *See, e.g., Johnson v. City of Chicago*, No. 12-CV-08594, 2019 WL 10302170, at *2 (N.D. Ill. Mar. 31, 2019) (distinguishing between recoverable damages for loss of liberty for unlawful incarceration versus unrecoverable damages for mental harm caused by changing conditions of confinement). And the court cannot award compensatory damages merely to account for "'the abstract value of a constitutional right.'" *Horina v. City of Granite City, Ill.*, 538 F.3d 624, 637 (7th Cir. 2008) (quoting *City of Watseka v. Illinois Pub. Action Council*, 796 F.2d 1547, 1558 (7th Cir. 1986)).

ORDER

IT IS ORDERED that:

1. Plaintiff's due process claims are DISMISSED.

2. Defendant Bortz is DISMISSED from the case.

3. Bortz's motion for extension of time to file an answer, Dkt. 26, is DENIED as moot.

4. Lindell's motion at Dkt. 17 is GRANTED; The clerk of court is directed to enter default against defendant Markland.

5. The clerk of court is directed to work with the Wisconsin Department of Corrections to schedule an in-person hearing on plaintiff's motion for default judgment, and to issue a writ of habeas corpus ad testificandum for plaintiff's appearance at that hearing.

6. The clerk of court is directed to send a copy of this order and Dkts. 17–20 to defendant Markland at the address listed in Dkt. 12.

7. Plaintiff's motion for a default hearing, Dkt. 24, is GRANTED.

Entered July 31, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge