IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATE LINDELL,

Plaintiff,

v.

SIERRA MARKLAND,

Defendant.

ORDER

24-cv-287-jdp

---

Plaintiff Nate Lindell, proceeding without counsel, alleges that defendant Sierra Markland issued him a false conduct report because he complained about her. I granted Lindell leave to proceed on a First Amendment retaliation claim against Markland. Dkt. 7. Markland didn't answer or otherwise respond to Lindell's complaint, so default has been entered against Markland. Dkt. 31. A default hearing on Lindell's damages had been set for September 4, 2026.

Now Markland, also without counsel, has submitted a letter "in response to the claims made against [her]" in which she briefly explains why she should not be found liable for a retaliation claim. Dkt. 35. Also, the clerk of court informs me that around the same time, Markland called the clerk's office stating that she didn't initially know that she was required to respond to the lawsuit, and then later submitted a response to another, incorrect court.

Given the liberal interpretation that I must give Markland's pro se filing, I will construe it as a motion to set aside the entry of default against her. A party seeking to vacate an entry of default under Federal Rule of Civil Procedure 55(c) must show three things: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (citing *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994)). Markland's written submission and

conversation with the clerk's office isn't sufficient to meet this standard. I will give her a short time to submit a brief explaining why the default against her should be vacated, along with a declaration—a document in which Markland states under penalty of perjury that the contents are true—explaining in detail when she was served with the complaint, how she responded to it, and why she waited until now to contact the court about her default. I will give Lindell a chance to respond to Markland's brief.

Because the parties are now briefing Markland's motion to set aside the entry of default, I will strike the September 4 default hearing.

ORDER

IT IS ORDERED that:

1. Defendant Markland may have until September 10, 2026, to file a brief and declaration supporting her motion to set aside the entry of default. Plaintiff may have until September 24, 2026, to file a response.

2. The September 4, 2026 default hearing is STRUCK.

3. The writ for plaintiff's appearance at the default hearing is CANCELED.

Entered August 26, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge